| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH WILLIAM HAISCH,<br><br>Defendant. | 1:17-cr-00108-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF Nos. 22, 23) |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Petitioner Kenneth William Haisch, a prisoner in federal custody at FCI Mendota, in Mendota, CA, brings this *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is **DENIED**.

## II. BACKGROUND

On November 6, 2017, Petitioner pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 16. In a written plea agreement, Petitioner agreed to the following facts of the case:

> On March 14, 2017, in the County of Fresno, State and Eastern District of California, Defendant Kenneth William Haisch knowingly possessed a firearm, specifically a Smith and Wesson M&P 40 caliber handgun that was manufactured outside of the state of California (the Firearm). On March 14, 2017, Fresno Police Department officers conducted a probation compliance check at Defendant's residence. Fresno Police Officers found a gun and ammunition in a drawer in the bedroom used by Defendant. Defendant admitted to the Fresno Police Officers that he obtained the gun for protection.

ECF No. 14, Ex. A. Petitioner also agreed in the plea agreement that he had been convicted of six

1

crimes punishable by a term of imprisonment of more than one year and listed those crimes. *Id*. The plea agreement further provided that Petitioner waived the right to appeal his guilty plea, conviction, and any sentence, so long as the sentence did not exceed the statutory maximum of 120 months. *Id*. at 7. Petitioner additionally gave up "any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." *Id*. The plea agreement provided that the government "will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense, as determined by the Court." *Id*. at 5. The plea agreement outlined that the maximum sentence the Court would impose was 10 years of incarceration and that the sentencing determination would be guided by a "non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines" and that the Court must take them into account when determining a final sentence but would consider whether there was a basis for departing above or below the guideline sentencing range. *Id*. at 6-7. The plea agreement made clear that the Court was not a party to the agreement and "Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated." *Id*. at 2. The agreement provided that Petitioner agreed "the he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations." *Id*.

The U.S. Probation Office filed a Presentence Investigation Report ("PSR") on January 16, 2018. ECF No. 18. The PSR calculated a base offense level of 20, added a two-level enhancement based on the firearm at issue having been stolen, and applied a three-level reduction for acceptance of responsibility. *Id*. ¶¶ 16-25. The PSR calculated a total offense level of 19 with a criminal history category of VI, for a total guideline imprisonment range of 63-78 months. *Id*. at 22. The PSR recommended a high-end sentence of 78 months. *Id*.

At the sentencing hearing, held on February 5, 2018, Petitioner's counsel argued that mitigating circumstances warranted a low-end sentence. Feb. 5, 2018 Hr'g Tr. at 2:2-11 (citing sentencing memorandum). The government maintained its recommendation of a low-end guideline sentence, as

outlined in the plea agreement. *Id.* at 4:6-7 ("And we are standing by the plea agreement. Our recommendation is for a low end sentence of 63 months."). The Court was troubled by the facts outlined in the PSR:

> THE COURT: My issue is not whether or not to go forward with the plea agreement, because I'm not going to do that.
>
> The real question is whether or not to go forward with the high guideline range or, frankly, the statutory maximum of 120, ten years, in prison. So at some point in time, we are getting nowhere here, and all I'm seeing here is violence. I am seeing drugs, violence, guns. I am seeing failure to appear history, probation violation history, parole violation history. I'm seeing nine felonies, two misdemeanors, six prior state prison terms.
>
> I think we are at the end of the road.

*Id*. at 4:16-5:3. The Court went on to note that Petitioner had a pattern of "13 years of constant crime. And it has not just been jay walking. These are serious crimes. And he simply has no concern for the safety of other people and, frankly, is rather reckless about his own existence." *Id*. at 6:6-13. *See also id*. at 7:17-25 (rejecting drug addiction as a mitigating factor and noting that not all drug users engage in the level of violent conduct that was scattered throughout Petitioner's PSR). Though the PSR had recommended a high-end sentence of 78 months, the probation officer stated at the hearing that Probation had considered recommending an above-guideline sentence and would have no objection if the Court elected to impose a higher sentence than the PSR recommended. *Id*. at 5:10-13. After hearing from Petitioner's counsel and Petitioner, the Court imposed a sentence of 120 months' imprisonment. *Id*. at 8:20-22; *see also* ECF No. 21 (Judgment and Commitment).

On June 4, 2018, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 22. That motion argues (1) that there was a breach of the plea agreement; (2) that Petitioner's attorney rendered ineffective assistance of counsel for failing to argue that there was a breach of the plea agreement; and (3) that Petitioner received a sentence based on bias or prejudice that was "way over Guidelines." *Id*. at 5.

The Petition is amenable to resolution without an opposition from the government.

## III. STANDARD OF DECISION

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

"Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal citations and quotations omitted). While a hearing may be required "[w]here section 2255 motions have been based on alleged occurrences outside the record," no hearing is required if "the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Id.* Ultimately, "Section 2255 requires only that the district court give a claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Id.* at 1159 (internal citations and quotations omitted).

## IV. ANALYSIS

Petitioner's motion argues (1) that there was a breach of the plea agreement; (2) that Petitioner's attorney rendered ineffective assistance of counsel for failing to argue that there was a breach of the plea agreement; and (3) that Petitioner received a sentence based on bias or prejudice that was "way over Guidelines." Before reaching the merits of the Petition, the Court first considers whether Petitioner in

4

his plea agreement knowingly and voluntarily waived his ability to collaterally attack his sentence.

**A.    Collateral Attack Waiver**

A knowing and voluntary waiver of the right to collateral attack in a negotiated plea agreement is enforceable in federal court. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [Fed. R. Crim. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). However, "in the context of § 2255 challenges brought by federal prisoners, . . . waivers cannot bar [ineffective assistance of counsel] claims associated with the negotiation of plea agreements." *Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). *See also United States v. Chan*, 721 F. App'x 728 (9th Cir. 2018) ("A waiver of a defendant's right to appeal or collaterally attack a conviction does not preclude a subsequent claim of ineffective assistance of counsel in which the defendant calls into question his entry into the agreement that contained the waiver." (citing *Washington*, 422 F.3d at 869-70)).

**B.    Ineffective Assistance Of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish that the assistance of counsel was so ineffective as to constitute a constitutional violation under § 2255, a petitioner must demonstrate both a deficient performance by counsel and that the performance was prejudicial to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). To show deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Generally, an express waiver of the right to file a § 2255 petition bars a defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Ineffective assistance of counsel may, however, constitute a basis for a motion under § 2255. A waiver is unenforceable with respect to a challenge to the voluntariness on the waiver because the ineffective assistance of counsel claim cannot be barred by an agreement that was produced by ineffective representation. *Washington v. Lampert*, 422 F.3d 864 (9th Cir. 2005) (holding that a waiver is unenforceable with regard to an ineffective assistance of counsel argument in a federal habeas petition brought under 28 U.S.C. § 2254). A waiver accepted in reliance on delinquent representation would deprive a petitioner of the opportunity to assert his Sixth Amendment right to effective assistance of counsel. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (quoted with approval by *Washington*, 422 F.3d at 871).

### 1. **Knowing And Voluntary Waiver**

"A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006). To determine the voluntariness of a plea, the court must "look to the totality of the circumstances, examining both the defendant's 'subjective state of mind' and the 'constitutional acceptability of the external forces inducing the guilty plea.'" *Doe v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007) (quoting *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986)).

Petitioner has made no argument that his counsel rendered ineffective assistance with respect to the plea agreement. Nor does he argue that he did not knowingly and voluntarily waive his right to bring a habeas petition. Accordingly, he has not met his burden of establishing that the collateral-attack waiver in his plea agreement is invalid.

C. **Merits Of Petitioner's Motion**

Even if Petitioner had not validly waived his right to collateral attack, Petitioner's arguments fail

on the merits.

Petitioner first argues that the plea agreement was breached. He believes that because the agreement was reached with the government and accepted by the Court, a "Guidelines sentence was accepted and should have been appropriate." ECF No. 22 at 5. This argument is without merit. The plea agreement required the Government to argue for a sentence at the low end of the guideline range. The government upheld its end of the bargain, arguing at the sentencing hearing that a sentence of 63 months was appropriate. Feb. 5, 2018 Hr'g Tr. at 4:6-7 ("And we are standing by the plea agreement. Our recommendation is for a low end sentence of 63 months."). The plea agreement made clear that the Court was not a party to the plea agreement and that the plea agreement imposed no obligations on the Court. The plea agreement outlined that the maximum sentence the Court could impose was 10 years of incarceration and that the sentencing determination would be guided by a "non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines" and that the Court must take them into account when determining a final sentence but would consider whether there was a basis for departing above or below the guideline sentencing range. ECF No. 14 at 6-7. The plea agreement stated that the "Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated." *Id*. at 2. The agreement provided that Petitioner agreed "the he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations." *Id*. The Court exercised its discretion and determined that an upward departure was appropriate, as the plea agreement stated it might. There was no breach of the plea agreement.

Petitioner next argues that his attorney failed to provide constitutionally adequate representation because he "did not, but should have, argued ground one and pertinent case law as well as other issues." ECF No. 22 at 5. Petitioner's attorney did not provide ineffective assistance of counsel for failing to make the meritless argument that the Court breached the plea agreement. Petitioner does not identify what other arguments his attorney should have advanced, but his attorney did file a sentencing memorandum and did argue at the sentencing hearing that mitigating factors weighed in favor of the

imposition of a sentence at the low end of the guideline range. That the Court exercised its discretion in a manner with which Petitioner disagrees does not mean that his attorney provided ineffective assistance.

Finally, Petitioner argues that he received a biased sentence, stating that "it seems" that his sentence was "based on a bias, or prejudice, towards me and given a sentence way over Guidelines and what the law prescribes and is in place to prevent a disparity such as this." ECF No. 22 at 5. The Court explained at the sentencing hearing why it was imposing the sentence that it did, stating that the long history of criminal conduct, including violent conduct, made this a case where the Court had little choice but to protect the community and impose an above-guideline sentence. *See* Feb. 5, 2018 Hr'g Tr. at 4:22-5:2 (discussing criminal history of "drugs, violence, guns . . . failure to appear history, probation violation history, parole violation history, . . . nine felonies, two misdemeanors, six prior state prison terms); *id*. at 7:21-22 (stating that drug usage is not a mitigating factor because people with drug problems "don't do the violent things that you are doing all the time"). Petitioner provides no evidence of bias apart from the fact that he received a sentence above the guideline range, a sentence that the Court explained on the record. The argument that he was the victim of a biased sentence fails.

**D.    Application To Proceed *In Forma Pauperis***

Petitioner also filed an application to proceed *in forma pauperis*. ECF No. 23. No such motion need be made in connection with a § 2255 motion because filing a § 2255 motion does not require payment of a fee. *See, e.g.*, *United States v. Bennett*, No. CR 07-0238-PCT-SMM, 2015 WL 3798074, at *1 (D. Ariz. June 18, 2015) (citing Rule 3, Rules Governing § 2255 Proceedings, Advisory Comm. Notes (1976) ("There is no filing fee required of a movant under these rules.")); *Rodriguez-Preciado v. United States*, No. 11-CR-2880, 2014 WL 5606262, at *1 (S.D. Cal. Nov. 4, 2014) (denying motion to proceed *in forma pauperis* filed along with § 2255 motion because habeas petition requires no filing fee); *Castro-Montano v. United States*, No. CR05-378-TUC-FRZ, 2005 WL 2978605, at *1 (D. Ariz. Nov. 7, 2005) ("Because there is no fee to file a § 2255 motion, the Court will deny the in forma

pauperis application as moot."). The motion is **DENIED AS MOOT**.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VI. CONCLUSION AND ORDER

Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 22) is **DENIED**. The Court declines to issue a certificate of appealability for this motion.

Petitioner's application to proceed *in forma pauperis* (ECF No. 23) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated: **February 20, 2019**    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE